IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRESLYN C. PATTERSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:07-CV-1880-L** |
| | § | |
| **MARGARET SPELLINGS,** | § | |
| **SECRETARY, DEPARTMENT** | § | |
| **OF EDUCATION,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Spellings's Motion to Dismiss Plaintiff's Amended Complaint, filed March 20, 2008. After consideration of the motion, response, reply, briefs, record, and applicable authority, the court **grants** Defendant Spellings's Motion to Dismiss Plaintiff's Amended Complaint.

**I.     Factual and Procedural Background**

Plaintiff Treslyn Patterson ("Plaintiff" or "Patterson") filed this action against her employer, the Department of Education (the "DOE," Spellings," or "Defendant"), alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). Plaintiff filed her Original Complaint on November 9, 2007, and her First Amended Original Complaint ("Amended Complaint") on March 10, 2008.

Patterson contends that the DOE retaliated against her by delaying her promotion to a Grade 12 position, which was not in accordance with a Collective Bargaining Agreement ("CBA"). According to Patterson, the DOE retaliated against her because she was involved in an

administrative complaint against it that alleged discrimination in the workplace. The parties settled this administrative complaint in 2003.

The facts alleged in the Amended Complaint are largely undisputed. Patterson began working for the DOE on June 21, 1998. In April 2002, Patterson filed an administrative complaint against the DOE, contending that it discriminated against her in the workplace. In October 2003, Patterson and the DOE entered into a settlement agreement regarding the employment discrimination dispute. Patterson became eligible for promotion to a Grade 12 position on January 26, 2004; however, she was not promoted in January 2004. At that time, Patterson did not complain to her supervisors about the failure of DOE to promote her. Patterson later had a meeting with a supervisor regarding the DOE's failure to promote her in January 2004.

As of January 2005, Patterson had not been promoted. She filed two separate administrative complaints with the DOE's Equal Employment Opportunity ("EEO") office: one on January 24, 2005, and the other on February 3, 2005. The first administrative complaint alleged that the DOE refused to promote Patterson to a Grade 12 position as retaliation for her prior complaints regarding discrimination. The second administrative complaint alleged that the DOE's failure to promote her breached the settlement agreement that Patterson and the DOE reached in October 2003. In March 2005, the DOE promoted Patterson to a Grade 12 position.[1]

On August 31, 2006, Patterson filed a civil action in the Northern District of Texas, *Patterson v. Spellings*, Civil Action No. 06-CV-1600-K. In that lawsuit, Patterson contended that the DOE breached the settlement agreement by failing to promote her on January 24, 2004.

---

[1]The court is not certain of the precise date on which Patterson was promoted because her Amended Complaint lists two different dates — March 30, 2005, and March 6, 2005. Pl.'s First Compl. ¶¶ 41, 48 and Ex. 2.

On November 15, 2006, the DOE's EEO office dismissed Patterson's administrative retaliation complaint because of the lawsuit Patterson filed on August 31, 2006. The dismissal letter from the DOE's EEO office informed Plaintiff of her rights. Among other things, the letter stated that she could appeal the decision to the Equal Employment Opportunity Commission ("EEOC") within 30 days of receipt of the DOE EEO office's final decision, or file a civil action in the appropriate federal district court within 90 days of receipt of its decision. The letter further informed Patterson that if she appealed to the EEOC, she could file a civil action in district court within 90 days of the EEOC's decision, or within 180 days from the date of her appeal to the EEOC if the EEOC had not rendered a final decision.[2]

On January 24, 2007, United States District Court Judge Ed Kinkeade dismissed Patterson's breach of settlement agreement claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The court held that the United States Court of Federal Claims had exclusive jurisdiction over Patterson's claim because she alleged a breach of contract claim against the government for monetary damages in excess of $10,000.

Patterson appealed the dismissal to the United States Court of Appeals for the Fifth Circuit. On October 10, 2007, the Fifth Circuit affirmed the district court's decision. Although Plaintiff asserted that her lawsuit included a retaliation claim, the Fifth Circuit disagreed and held that Patterson's lawsuit did not include such a claim. *Patterson v. Spellings*, No. 07-10273, 2007 WL 2948663, at *2-3 (5th Cir. Oct. 10, 2007). The Fifth Circuit further stated that Patterson did nothing to ensure adjudication of the retaliation claim. In this regard the court stated:

---

[2]The court may properly consider this letter because it is referred and attached to Plaintiff's Amended Complaint and is central to her claim in this action. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

> First, Patterson could have amended her Federal Complaint to state a cause of action for retaliation under Title VII. In the alternative, Patterson could have appealed the EEO's dismissal of Complaint I to the EEOC, and argued that her retaliation claim *was not* the basis of a pending federal civil action. Third, as the EEO's dismissal advised her, she could have filed a new action in federal court alleging her retaliation claim. Patterson took none of these actions, and the EEO's dismissal of Complaint I cannot create a cause of action where none has been pled.

*Id.* at *3. That Plaintiff did not appeal the dismissal of her administrative retaliation claim to the EEOC, or file a new lawsuit within the prescribed time period is not disputed by the parties. Patterson did not file a lawsuit alleging retaliation until 30 days after the Fifth Circuit ruled against her on October 10, 2007, which was a year after the DOE's EEO office dismissed her administrative retaliation complaint.[3]

Spellings contends that Patterson's claim is barred by the applicable limitations period and that she is not entitled to equitable tolling because the information provided to Patterson in the dismissal letter was not incorrect. Spellings also contends that Patterson did not exercise due diligence. Plaintiff counters that the doctrine of equitable tolling applies to her case because she believed that she was misled by the DOE about the nature of her rights. Plaintiff argues that she exercised due diligence when she filed this lawsuit within 30 days after the Fifth Circuit ruled on her prior Title VII lawsuit with the DOE. Plaintiff further argues that the letter from the DOE's EEO office raises an issue of fact, and, therefore, Rule 56 (summary judgment) of the Federal Rules of Civil Procedure is the mechanism to address her claim, rather than a motion pursuant to Rule

---

[3]For these reasons, the court does not believe Plaintiff has exercised due diligence. In the initial lawsuit, she took the position that it included a retaliation claim and was willing "to ride that pony to the race," rather than seek to amend her complaint to add a retaliation claim. The most probable reason she did not seek an amendment is because she thought her pleading was sufficient to state such a claim. Plaintiff "hedged her bets" and lost. She should not now be allowed under these circumstances to assert that she exercised due diligence regarding her retaliation claim.

**Memorandum Opinion and Order - Page 4**

12(b)(6). Defendant responds that Plaintiff's claim is without merit and the court can consider the language in the dismissal letter under the 12(b)(6) standard. Alternatively, Defendant argues that even if the court were to treat the motion to dismiss as a motion for summary judgment, the result would be the same. For the reasons stated herein, the court determines that Patterson's arguments are unavailing, and she may not invoke the doctrine of equitable tolling. Because Plaintiff cannot invoke the doctrine of equitable tolling, she is unable to state a claim upon which relief can be granted.

## II.     Standard for Dismissal Pursuant to Rule 12(b)(6)

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1974 (2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the

complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**III. Analysis**

    **A.    Applicable Law Regarding Equitable Tolling**

Patterson does not contest the timeliness of her lawsuit; she acknowledges that it is untimely. She, however, contends that the limitations period should be equitably tolled because (a) there was a pending lawsuit between the parties, and (b) the EEO office misled her about the nature of her rights and the manner in which to proceed so that she could have her day in court. The language from the EEO letter on which Plaintiff relies to invoke the equitable tolling doctrine states: "Based upon our review of the EEO Complaint and Civil Action, we are dismissing the EEO Complaint because it is the basis of the pending Civil Action." The letter further states, "[i]t is the decision of

the United States Department of Education to dismiss the Complainant's formal complaint of discrimination because it has been filed in a United States District Court."

The limitations period for filing a charge of employment discrimination "is subject to equitable doctrines such as tolling or estoppel." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). These doctrines, however, "are to be applied sparingly." *Id.*; *see also Irwin v. Department of Veteran Affairs*, 498 U.S. 89, 96 (1990). This circuit recognizes three possible grounds for equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting [her] claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about [her] rights." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003) (citation omitted). As Patterson is the party seeking to invoke equitable tolling, she bears the burden of showing that it applies in this case. *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002).

**B.     Discussion**

**1.     Whether the DOE's EEO Office Misled Patterson**

Patterson contends that she was misled by the EEO office letter and took no further action because the letter stated that her retaliation claim was the "basis of" a pending case in the district court. This argument fails. For equitable tolling to apply, the information provided must be "*incorrect information* that leads the individual to file an untimely charge," *Manning*, 332 F.3d at 881 (citation omitted); or the individual must show that the information provided to her was "affirmatively wrong." *Ramirez*, 312 F.3d at 184 (citation omitted). The letter does not contain any incorrect information, and Patterson identifies no statement in the letter that was incorrect or affirmatively wrong. Even had the letter contained an "accurate, but incomplete" statement,

equitable tolling would not apply. *Conaway v. Control Data Corp.*, 955 F.2d 358, 363 (5th Cir. 1992). Stated another way, nothing in the letter indicates that the DOE's conduct reasonably induced Patterson not to file suit or act within the applicable limitations period. *Ramirez*, 312 F.3d at 184.

### 2. Whether a Pending Lawsuit Warrants Equitable Tolling

Patterson makes a passing reference to a pending suit between the parties, but she does not develop this argument. For equitable tolling to apply in this context, the pending lawsuit must be between the parties "in the wrong forum." *Manning*, 332 F.3d at 880. "Equitable tolling is appropriate in the rare case when the parties have been litigating an action in state court, but they later discover that they chose the wrong forum." *Id.* Such a situation does not exist in this case, and this basis for equitable tolling is inapplicable.

### 3. Whether Plaintiff's Affidavit Creates a Fact Question

Patterson contends that her affidavit sets forth facts which create a genuine issue of material fact regarding equitable tolling. The court disagrees. Patterson states in several paragraphs that she believed that she was misled by the DOE and that she believed that her retaliation claim was included in her earlier filed federal action. Patterson Aff. ¶¶ 6, 7, 8. The subjective impressions of an employee are insufficient to justify the application of the doctrine of equitable tolling. *Ramirez*, 312 F.3d at 184. Accordingly, even if the court were to treat the DOE's motion as a Rule 56 motion for summary judgment, no genuine issue of material fact would exist. Moreover, an affidavit based on information and belief is not competent summary judgment evidence and is therefore insufficient to raise a genuine issue of material fact. *Bolen v. Dengel*, 340 F.3d 300, 313 (5th Cir. 2003).

### 4. Whether Plaintiff Should be Allowed to Amend her Complaint

Plaintiff requests the court to allow her to replead if it does not believe she has pleaded facts sufficient to invoke the equitable tolling doctrine. For the reasons that follow, the court does not believe that repleading is warranted in this case.

A "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is not absolute and must be "tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). In exercising its discretion to decide whether a party should be allowed to replead, the court may consider the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Id.*

There is simply no way that Plaintiff can replead her facts to state a claim because the court has ruled that she may not invoke equitable tolling. In other words, she cannot "plead her way around" the court's ruling. She is only able to maintain her retaliation claim if the court allows equitable tolling. As the court will not allow Plaintiff to invoke equitable tolling, repleading is futile. Moreover, Plaintiff has already repleaded once without success, and she does not inform the court how she would replead to overcome her legal hurdle. Any further attempt will result in unnecessary delay and merely prolong the inevitable. Accordingly, Plaintiff's request to replead will be denied.

## V. Conclusion

For the reasons stated herein, the court **concludes** that Plaintiff has failed to state a claim upon which relief can be granted for retaliation under Title VII. The court also **concludes** that Plaintiff cannot replead this case in such a way as to state a claim upon which relief can be granted and therefore **denies** Plaintiff's request to replead. Accordingly, the court **grants** Defendant's Motion to Dismiss Plaintiff's Amended Complaint and **dismisses this action with prejudice**. Judgment will issue by separate document as required by Fed. R. Civ. P. 58.

**It is so ordered** this 10th day of October, 2008.

Sam A. Lindsay
United States District Judge